UNITED STATES of America,
Plaintiff-Appellant,

v.

Charles MERRITTS, Sr., and Donald Hodges, Defendants-Appellees.

No. 75–1198.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 25, 1975.

Decided Dec. 17, 1975.

Henry A. Schwarz, U. S. Atty., Jack A. Strellis, Asst. U. S. Atty., E. St. Louis, Ill., for plaintiff-appellant.

Edward Neville, East St. Louis, Ill., for defendants-appellees.

Before TONE and BAUER, Circuit Judges, and HOFFMAN,* Senior District Judge.

TONE, Circuit Judge.

This interlocutory appeal under 18 U.S.C. § 3731 involves the sixth amendment guarantee of the right to the "Assistance of Counsel." The District Court, on the basis of its reading of *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), suppressed evidence of a post-indictment conversation between appellee and a government informer, in the course of which appellee made incriminating statements about past acts and also solicited a bribe. (*United States v. Merritts*, 387 F.Supp. 807 (E.D.Ill.1975)). We reverse as to the part of the conversation constituting the solicitation of a bribe.

Appellee Charles Merritts, Sr. was the president of a school board in East St. Louis, Illinois. On September 24, 1974, he was indicted with one Donald Hodges under 18 U.S.C. § 1952 for causing the use of a facility in interstate commerce with intent to murder Clyde C. Jordan, one of Merritts' fellow school-board members, in order to prevent Jordan from interfering with Merritts' continued receipt of kickbacks from the school district's suppliers and contractors.[1]

On October 10, 1974, while the indictment was pending, Merritts attempted to telephone James W. Kammermeyer, Jr., one of the school district's suppliers. Unbeknown to Merritts, Kammermeyer had decided to cooperate with the government and, in fact, was meeting with FBI agents in the agency's East St. Louis headquarters when he learned from his office that Merritts had tried to reach him. When Kammermeyer returned Merritts' call from the FBI headquarters, Merritts proposed a meeting, which the two men agreed to hold the next day. After hanging up, and presumably after reporting the conversation to the FBI, Kammermeyer called Merritts back and arranged to advance the meeting to that same day. The FBI then equipped Kammermeyer with a hidden recording device, and he proceeded to Merritts' house, met there with Merritts, and recorded the ensuing conversation, in the course of which Merritts made some admissions bearing on his guilt of the crime with which he was then charged and solicited a bribe from Kammermeyer.[2] It is the admissibility of evidence concerning the solicitation of a bribe that is before us.[3]

A superseding indictment was returned on November 26, 1974, and upon

---

* The Honorable Julius J. Hoffman, Senior District Judge for the Northern District of Illinois, is sitting by designation.

1. The charge described in the text was stated in Count II of the indictment. Count I, which was not included in the superseding indictment described *infra* and is not relevant here, was based on 18 U.S.C. § 241 and charged a conspiracy among the defendants and others to kill Jordan, thereby depriving him of his civil rights, in order to silence his public attacks on the integrity of the school board's leadership.

2. The government now concedes that the admissions relating to past conduct are inadmissible, and that, should they prove to be inseparable from evidence concerning the solicitation of the bribe, the latter evidence will also be inadmissible. From our examination of a tran-

script of the tape recording of the conversation, much of which consists of the notation, "Unintelligible," it does not appear that inseparability is a problem, but a final determination of this matter must be made by the District Court on remand, especially since, as we are advised, the government intends to prove the conversation by the testimony of Kammermeyer.

3. Kammermeyer and one Marvin Schwartz recorded a number of other conversations they had with Merritts and Hodges in September and October 1974. Only the Merritts conversation of October 10 is involved in this appeal. This conversation did not involve Hodges, and he therefore lacks standing to object to the admission of evidence concerning the conversation. See *Alderman v. United States*, 394 U.S. 165, 172–175, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).

the arraignment of Merritts and Hodges on that indictment the original indictment was dismissed. The relationship between the two indictments is of some importance in understanding the issue we must decide. The statute under which both indictments were brought, 18 U.S.C. § 1952, provides in pertinent part as follows:

> "(a) Whoever . . . uses any facility in interstate ¹ . . . commerce . . . with intent to—
>
> (1) . . .
>
> (2) commit any crime of violence to further any unlawful activity; or
>
> (3) otherwise . . . carry on, or facilitate the promotion, management, . . . or carrying on, of any unlawful activity,
>
> and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3) . . [commits an offense]."

Count II of the original indictment alleged the use of a facility in interstate commerce with intent to commit a crime of violence (murder) to further an unlawful activity (receiving bribes from the school board's suppliers and contractors). It did not allege, however, the performance thereafter of any of the acts specified in subparagraphs (1), (2), or (3). The superseding indictment attempted to cure this omission by adding the allegation that "thereafter, but prior to October 11, 1974 Charles Merritts, Sr., attempted to perform an act of facilitating the promotion, management, and carrying out of an illegal activity, namely bribery," a reference, the government advises us, to Merritts' solicitation of a bribe from Kammermeyer on October 10, 1974. Thus, that act, which had not yet occurred when the first indictment was returned, is an element of the crime alleged in the superseding indictment.

We assume for purposes of this appeal that the superseding indictment charges an offense under § 1952. We thus assume that the attempted bribery alleged to have occurred "thereafter" was a part of the contemplated "unlawful activity" which the intended crime of violence was designed to further. We also assume that under that section, when the intent accompanying the use of a facility in interstate commerce relates to a crime of violence to further an unlawful activity, the act performed or attempted to be performed "thereafter" need not be the crime of violence itself but may be merely a part of the "unlawful activity" which the crime of violence was intended to further, a point which seems not to have been decided in any reported opinion.

The question before us is the scope of *Massiah v. United States, supra.* In that case, the defendant, after having been indicted and having retained counsel, made incriminating admissions to a former cohort, turned informer, in whose car government agents had installed electronic equipment.[4] The Supreme Court held that the defendant

> "was denied the basic protections of that guarantee [assistance of counsel under the sixth amendment] when there was used against him at his trial evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of his counsel." 377 U.S. at 206, 84 S.Ct. at 1203.

This holding was based on the proposition that the sixth amendment right of counsel includes the right not to be interrogated after indictment in the absence of counsel. Violation of that right by conduct which the Court viewed as amounting to interrogation by law enforcement officers (see 377 U.S. at 204–

---

4. The information derived from the conversation, in addition to providing proof of the offenses charged in the indictments then pending, was also the basis for a subsequent indictment broadening those charges to include additional counts against Massiah and additional defendants. *United States v. Massiah,* 307 F.2d 62, 71 n.2 (2d Cir. 1962). Unlike the statements before us, however, the statements in *Massiah* were merely admissions of past wrongdoing, and did not themselves constitute criminal acts.

206, 84 S.Ct. 1199) made the responses to the interrogation inadmissible.

That *Massiah* deals with responses to interrogation about past misconduct and does not immunize the defendant from the consequences. of utterances which themselves constitute criminal acts is recognized in several cases. *United States v. Osser,* 483 F.2d 727, 730–734 (3d Cir. 1973), *cert. denied,* 414 U.S. 1028, 94 S.Ct. 457, 38 L.Ed.2d 221; *United States v. Missler,* 414 F.2d 1293, 1302–1303 (4th Cir. 1969); *Vinyard v. United States,* 335 F.2d 176, 184–185 (8th Cir. 1964), *cert. denied,* 379 U.S. 930, 85 S.Ct. 327, 13 L.Ed.2d 342. In all these cases evidence of post-indictment utterances which amounted to attempted bribery or obstruction of justice were held admissible to prove those crimes. The case at bar differs from those cases because solicitation of the bribe, while it constituted a new crime that could have been charged separately, was also part of the crime which was incomplete (and therefore prematurely charged) at the time of the original indictment and was charged again in the superseding indictment. It was for this reason that the District Court considered *Massiah* applicable and cases such as *Osser* inapplicable. *United States v. Merritts, supra,* 387 F.Supp. at 812.

We do not agree with the District Court. *Massiah* applies to incriminating statements about past conduct obtained after indictment through the equivalent of police interrogation. It does not confer immunity for utterances, such as Merritts' solicitation of a bribe, which are not statements about past conduct but constitute criminal acts in themselves. It does not confer a right to the assistance of counsel in committing a new crime or in completing an old one.

The order appealed from is reversed insofar as it suppresses evidence that Merritts attempted to solicit a bribe from Kammermeyer on October 10, 1974.